Follett, J.
The defendant is a building association. Such a body exists for the equal benefit of all its members, who are presumed to be pei’sons whose earnings are small, and who seek to use small weekly savings in procuring suitable homesteads. Every member is presumed to become, at some time, a borrower to the extent of his interest. Building associations are not intended to enable money lenders to obtain extraordinary interest, .but they are intended to help in securing homes with the aid of small incomes. They may become oppressive, and they may be conducted so as to bring hope and secure comfortable homes.
Each member is a share-holder, and he pays for his share or shares by paying weekly a certain sum on a share, and by earnings credited. This is payment on stock or shares subscribed. The earnings of the association include all sources of income except the stated dues.
When the defendant was organized, and prior to 1880, the statute as to the disposition of earnings was as follows (Revised Statutes, section 3835): “So much of the *374 earnings'as may be necessary, not exceeding ten per cent., per annum, may be set apart to defray the current expenses of thé associations, .and for the purchase of such real estate 31s may. be necessary for the convenient transaction of their business ; and the residue of .such, earnings shall be transferred to the credit ,of the share-holders, to be paid ratably to them when the shares are fully paid.”
. On April 15, 1880 (77 Ohio L. 208), this section was amended in several important provisions, and, in matter of earnings, providing as follows : “ Section 3835. So much of the earnings as may be necessary shall be set apart to defray, the current expenses of the association, and a portion of the earnings, to be determined by the board of directors, shall be reserved, annually or semi-annually, for the payment of contingent losses, and the residue of such earnings shall be transferred to the credit of all members, borrowing and non-borrowing, to be paid ratably to them at such times and in such manner as the association, by its constitution and by-laws, rules and regulations, in conformity with this act, may provide; and upon 'the cancellation of any share or shares that have been fully paid, by dues paid in and earnings credited, the association shall pay such member or members their pro rata share of such reserve fund, and at the end of each year shall make a rebate of interest on the amount of dues paid on loans awarded.”
, For some time after this amendment took effect, all seemed to-agree upon its true effect, and each member’s account was accordingly so kept. But now another effect is claimed, and a change in the constitution of the association is attempted. The borrowing members and the non-borrowing members dispute as to the distribution of earnings. This dispute comes from the provision that the association, at the end of each year, “ shall make a rebate of interest on the amount of dues paid on loans awarded.”
The legislative intent was to lessen the interest paid on such loans. The interest-bearing power of the loan is re *375 duced year by year as dues are paid, which, at the final settlement, must be credited on the loan; and so each year the interest earnings of the loan become less. The entire loan earns some interest, and the effect is the same as though the rate per cent of interest were reduced each year. This is not a provision that dues when paid shall be credited on loans awarded ; but the various items of dues paid and earnings credited — from first to last — are put into one amount, and so remain until the share is paid in full, and then such amount is applied to offset the loan, and the loan is settled, if premiums and interest are paid. Shares or stock subscribed for must be paid in full. And when a loan is obtained upon a share, the share is taken out in advance, for which privilege premiums and interest are paid, and then the share may be of no value, but be a burden, and the share-holder must continue to pay his dues until the share is paid, and he must pay the premiums and interest until the loan is settled.
The share is not just equal to the loan thereon, it is more; and when the share is paid — and not before — the whole amount paid and credited on the share is applied to satisfy the loan, not including the premiums or interest paid in another way.
Each member is also entitled to a pro rata share of the reserve fund, whether a borrowing member or not.
The non-borrowing member gets his share in full — all his dues paid in and his ratable share of the earnings. This generally returns him his money with large interest.
The obtaining a loan upon a share does not lessen the amount paid upon that share; and the amended section 3835 does not lessen such amount as a basis for the distribution of the earnings. Neither does that section exclude any part of the payment on a share from such a basis at'each distribution.
The proposed amendment to the constitution of 'the association is not warranted by the amended section-3835, and the equity of the case is with the borrowing members.
*376 There was error in overruling the demurrers : and the demurrer's are sustained.

The injunction asked is made perpetual.